FILED

FEB 2 1993

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KHAIRY AREF,

                Plaintiff,

v.

JOHN A. MARDER, et al.,

                Defendants

No. CV 91-5865 WJR (Tx)

FINDINGS OF FACT AND
CONCLUSIONS OF LAW;
ORDER

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

THIS CAUSE IS BEFORE this Court pursuant to Rule 11 of the Federal Rules of Civil Procedure and the All Writs Act 28 USC 1651. Defendants filed a motion on July 15, 1992, seeking to declare plaintiff Khairy Aref (Aref) a vexatious litigator.  This Court granted the defendants' motion on August 24, 1992.

The Court, having considered the defendants' motion and the plaintiff's opposition to the motion now renders the following Findings of Fact and Conclusions of Law.

### FINDING OF FACT

1.  Aref continuously acts maliciously and in bad faith.  His action and conduct in litigation are summarized below.

2.  Many of the moving parties and defendants herein were also sued by Aref in the State Court action <u>Aref v. Holmgren</u>, Los Angeles Superior Court No. C 640178.  That case is summarized in detail in the following paragraphs, and each fact is supported by a corresponding exhibit in the defendants' Motion to Declare Khairy Aref a Vexatious Litigator.

3.  On December 6, 1989, defendants' motion that the request for admissions served on Khairy Aref be deemed admitted was heard. The court awarded sanctions in the amount of $500.00 against Aref.

4.  On December 11, 1989, a motion to compel interrogatories against Aref was heard and the court sanctioned Aref $500.00 and ordered him to provide fully responsive verified answers to the interrogatories within fifteen days.

5.  In November of 1989, Aref served all defendants with a demand for a statement of witnesses pursuant to California Code of Civil Procedure section 96, despite the fact that the Code

1   prohibits the service of such a document more than forty-five days

2   before trial.  At the time of Aref's service a trial had not been

3   set.

4        6.   On January 4, 1990, Aref filed a motion for summary

5   judgement which was unintelligible and predicated solely on a claim

6   that discovery had been served on the defendants and not responded

7   to.  The motion for summary judgment was not served on any

8   defendant and Aref appeared at the motion alone and the court

9   denied his motion.

10       7.   On March 22, 1990, before the Judge could rule on the

11  defendants' motion for summary judgment, Aref filed an objection

12  and request for disqualification of the Judge, which stayed all

13  proceedings in the action until the disqualification motion could

14  be ruled on.

15       8.   Aref's objection to the Judge caused a lengthy stay of

16  the entire action, but the matter was ultimately heard on June 5,

17  1990 in Orange County.  The presiding judge in Orange County found

18  Aref's request for disqualification insufficient and found it be

19  unsupported by evidence of any kind.  His motion was denied and the

20  case was returned to the original Judge.

21       9.   Because numerous documents were filed by Aref with the

22  Superior Court without having been served on any defendant, and

23  because Aref made numerous claims that documents had not been

24  served on him, all defendants jointly moved for a protective order

25  requiring all parties in the action to serve all discovery,

26  pleadings and motions through a neutral third party.  The court

27  granted the protective order.  Each party was also ordered to

28  provide a list to all parties of any pending motions or outstanding

-3-

1    discovery.  Aref never served any party in the action with a list
2    of pending motions or discovery.

3         10.  In response to the court's order that he personally serve
4    interrogatories responses on all parties in this action, Aref
5    served each defendant with approximately three hundred pages of
6    non-responsive documents which made no sense, did not respond to
7    the interrogatories and had no internal order.

8         11.  After Aref had successfully continued the motion for
9    summary judgment on one occasion by ex parte application and had
10   successfully removed the motion from the calendar a second time by
11   challenging the judge scheduled to hear it, defendants on June 20,
12   1990 moved ex parte for an order that the motion be reset for July
13   6, 1992.

14        12.  On May 16, 1990 through May 18, 1990, defendants
15   attempted to depose Aref.  He refused to give responsive answers to
16   questions, constantly contradicting himself, interposing meritless
17   objections and generally refusing to cooperate with the deposition
18   process.  On July 16, 1990, all defendants moved for an order that
19   a referee be appointed to preside over Aref's deposition and the
20   depositions of the corporate plaintiffs.  The court granted the
21   motion and appointed a referee to preside over the depositions
22   granting the referee wide powers.

23        13.  On June 27, 1990, Aref set a series of party and witness
24   depositions.  The notice of deposition was not properly served,
25   failed to provide timely notice of deposition, set depositions
26   after the discovery cut off time and set numerous depositions in
27   Cairo, Egypt.

28        14.  Defendants' motion for summary judgement was heard again

-4-

on July 6, 1990.  On this occasion the hearing was set by ex parte court order, because plaintiff interceded on all prior occasions that the motion was set and had blocked the hearing of the motion. When the parties appeared on July 6, 1990, the motion was taken off calendar for the third time, because prior to the hearing of the motion, Aref filed a notice of removal with the California Superior Court removing the action to Federal Court.

15.  A search of the Federal Court docket revealed that no notice of removal had actually been filed with the Federal Court and Aref had simply misrepresented this fact to the State Court. On July 27, defendant moved ex parte for an application to strike plaintiff's improper notice of removal and to reorder the motion for summary judgement to go forward on July 16, 1990.  The court struck plaintiff's notice of removal and ordered that the motion for summary judgment go forward on July 16, 1990.

16.  On July 11, 1990, Aref actually filed a notice of removal in Federal Court.

17.  On July 16, 1990, all parties appeared in court and the court ordered the parties to submit points and authorities regarding the legality of plaintiff's removal to Federal Court. The matter was then continued to July 26, 1990 for hearing on the motion for summary judgement.

18.  On July 26, 1990, defendants motion to appoint a referee and motion for summary judgment was heard.  The court granted the summary judgment of James M. Montgomery, Inc., and its officers against the corporate plaintiffs and  ordered a referee appointed to preside at Aref's deposition.

19.  On August 13, 1990, the defendants' motion for remand was

-5-

heard in U.S. District Court. On the record, the Judge stated that the motion was totally and clearly inappropriate, that it was not supported by law or fact, that a plaintiff may not remove to Federal Court, and that all time limits had ran. The Court concluded "this is so patently frivolous, that the Court requires no argument and no further discussion of it . . . the defendants JMM's request for attorney fees and costs will be granted."

20. On August 22, 1990, the Court issued an order remanding the action to State Court and ordering plaintiffs to jointly pay defendants NBS $1,730.00 and defendants JMM, Inc., $1,725.00.

21. On August 20, 1990, Aref advised all defendants that he had taken defaults against various officers of NBS/Lowry. On October 11, 1990, the individual defendants who had been defaulted, brought a motion to set aside the defaults on the grounds that the proofs of service were fraudulent and the defaults were therefore voided. The court granted the defendant's motion and set aside the defaults. The individually named defendants subsequently moved the court for dismissal based on the lengthy delay in proper service and the court granted the motion dismissing the individually named defendants.

22. On March 2, 1990, a status conference was held in which discovery cut off times were set and in which all doe defendants and cross-defendants were dismissed.

23. Despite the fact that all doe defendants had been dismissed months earlier, on November 15, 1990, Aref filed an amendment to the complaint substituting in nine new defendants in place of the doe defendants.

24. On December 20, 1990, defendants brought a motion to

-6-

1 strike the doe amendment establishing that plaintiffs' third
2 amendments was nothing less than a sham and that most of the name
3 defendants were either officers of the corporate defendants or
4 parties known to Aref since the time of the filing of the
5 complaint.

6     25. After some delay, the motion to strike was heard on
7 January 11, 1991, and the court granted the motion striking the
8 amendment to the complaint without leave to amend.

9     26. On December 24, 1990, plaintiffs' counsel Edward Ash
10 served a motion to be relieved as attorney of record. His motion
11 was based on the fact that his clients refused to cooperate with
12 him in the litigation and conducted their affairs in such a way
13 that he as counsel would be forced to breach his duty as an officer
14 of the court and as a member of the bar to continue representation
15 of the plaintiffs.

16     27. On December 24, 1990, Aref filed a motion to compel the
17 deposition of all defendants and sought sanctions of contempt and
18 the appointment of a referee. The defendants opposed the
19 plaintiffs' motion to compel the deposition on the basis that the
20 motion was unintelligible, did not identify the witnesses he sought
21 to be deposed, and did not establish that any party had been
22 properly served with a notice of deposition. Moreover, Aref had
23 been barred by the court in a previous status conference from
24 setting any depositions.

25     28. Plaintiffs' motion to depose all defendants was referred
26 to James Natoli, the appointed discovery referee, who prepared a
27 recommendation to the presiding judge regarding Aref's discovery
28 request. In ruling on the discovery matters, the referee's report

-7-

1  recommended that Aref's motion to depose all defendants be denied.

2  On February 11, 1991, the court adopted the referee's

3  recommendations and denied Aref's motion to depose all defendants.

4     29.  The referee's report notes that the corporations produced

5  a witness on November 20, 1990 as the person "most knowledgeable"

6  from the corporation.  The referee found that the witness knew

7  little of the circumstance underlying the case and terminated the

8  deposition.  On November 30, 1990, Aref named three other witnesses

9  that were most knowledgeable and would be available to testify in

10  January.  On January 10, 1991, when one of the witnesses was

11  scheduled to be deposed, Aref showed up in his place and advised

12  that the witness was in the hospital and that the two other

13  witnesses could not appear because they lived in Egypt and could

14  not travel during the Persian Gulf crisis.  Aref then insisted that

15  he appear as the person most knowledgeable, despite the fact that

16  he had earlier designated other witnesses.  The referee's

17  recommendation to the court was that the four individuals be

18  ordered to appear on behalf of the corporations.

19     30.  The court adopted the referee's recommendations and

20  ordered the four individuals to appear for their depositions and

21  set an order to show cause re dismissal for April 12, 1991, if the

22  individuals failed to appear for their deposition.

23     31.  On March 25, 1991, the court ordered depositions were

24  scheduled and Aref appeared, but counsel for the corporations did

25  not.  Over the telephone, the corporate counsel indicated that he

26  could not produce the witnesses, because they were ill.  The

27  referee found that the corporations and their attorneys failed to

28  notify any parties that they would not appear at the depositions

-8-

1     and that the declaration regarding medical conditions were facially

2     inadequate. The referred recommended that sanctions be imposed.

3         32. On March 22, 1991, JMM, Inc., filed a motion for summary

4     judgement as to plaintiff Aref. The court granted the summary

5     judgement and filed an order of summary judgment on July 11, 1990.

6     The court found that no triable issue of fact were presented by

7     plaintiff's complaint and that Aref was never a member of the joint

8     venture which underlyed the complaint and he had no standing to

9     sue. The court also found that the causes of action were barred by

10     the statute of limitations and that defendant was entitled to

11     judgment and entitled to costs against plaintiff.

12         33. On May 13, 1991, plaintiff brought a motion to reconsider

13     the summary judgement in favor of JMM, Inc. The court found the

14     plaintiff's motion to reconsider meritless and stated no facts on

15     which the court could reconsider its previous order. The court

16     also found that the motion was frivolous and brought in bad faith.

17         34. On July 11, 1991, an order to show cause re dismissal as

18     to the plaintiff corporations was heard. The court dismissed the

19     complaint of the corporate plaintiffs due to repeated abuse of

20     discovery and failure to comply with discovery orders.

21         35. On May 30, 1991, defendant NBS/Lowry's motion for summary

22     judgement was heard and granted by the court. The court found that

23     Aref's action was meritless and there were no triable issues of

24     fact. The court granted the summary judgement in favor of

25     defendants and granted them their costs.

26         36. On July 11, 1991, plaintiff's motion to reconsider the

27     court's order of summary judgment in favor of NBS/Lowry was heard

28     by the court. The court found the plaintiff's motion to reconsider

was without merit and stated no facts upon which the court could reconsider its previous order. The court denied plaintiff's motion.

37. On July 19, 1991, defendant JMM, Inc., and its officers filed their memorandum of costs with the court. Their total costs from the lawsuit were $13,600.00. This included filing and motion fees, court reporter fees, discovery referee fees and outstanding court ordered sanctions.

38. In August of 1991, defendant NBS/Lowry filed its memorandum of costs, which totalled $8,902.28. This included filing and motion fees, deposition costs, discovery referee costs and court ordered sanctions.

39. None of the court ordered sanctions or court ordered costs have been paid by any of the plaintiffs to any of the defendants. As is obvious from the above chronology, court ordered money sanctions have no deterrent effect whatsoever on Aref or his corporations.

40. In addition to the state court action <u>Aref v. Holmgren</u> and the Federal Court action <u>Aref v. Marder</u> discussed above, Aref has the following state court and Federal Court matters:

41. <u>Aref v. Tucker</u>, (Federal District) Case No. 89-6164. In this action, Aref sued Orange County and various individuals. On December 20, 1989, he filed a motion to disqualify Judge Bonner and Magistrate Eick. On January 9, 1990, Aref's motion to disqualify the judge and the magistrate were denied. On February 8, 1990, Aref filed a notice of appeal to the Ninth Circuit, appealing the judge's order denying his motion to disqualify. On February 12, 1990, defendants' motion to dismiss was taken under submission. On

-10-



March 13, 1990, Aref filed another appeal with the Ninth Circuit, challenging the judge's order and on April 24, 1990, he filed a voluntary dismissal without prejudice as to all defendants.

42. <u>Aref v. Daugherty</u>, (Federal District Court) Case No. 89-7194. While the previous case was still pending, Aref filed his complaint in this action on December 13, 1989, suing many of the same individual defendants and again suing the County of Orange. On April 26, 1990, Aref filed a motion to disqualify the judge assigned to the case, Judge Bonner. On December 10, 1990, the action was reassigned to Judge Letts for unrelated reasons. On February 3, 1992, the court dismissed the complaint of the organizations from the case. On March 9, 1992, Aref filed a motion to disqualify Judge Letts. On June 22, 1992, the plaintiff's motion to disqualify Judge Letts was denied. The action is still pending.

43. <u>Aref v. Kerr Company</u>, Los Angeles Superior Court Case No. C637377, Aref filed this action in February of 1987 and a notice of removal to Federal Court was filed on April 16, 1987. [The Federal Court action entitled <u>Aref v. Kerr</u>, Case No. 87-2412 was remanded to State Court on June 5, 1987.] Plaintiff has taken no action in the case since April of 1987 and has not filed an At-Issue Memorandum as required by the California Code of Civil Procedure. The five year time limit in which to bring the action to trial has past and therefore Aref's rights to prosecute the action has terminated.

44. <u>Aref v. Precy</u>, Los Angeles Superior Court Case No. C689066. Aref filed his complaint in this action on June 13, 1988. On February 20, 1990, plaintiff's motion for a partial summary

-11-

1   judgement was denied and he filed a notice of appeal, appealing the

2   denial of his motion for summary judgement.  On July 9, 1990, the

3   docket reflects there was a request for entry of dismissal filed by

4   attorney for plaintiff with prejudice of the entire action.  On May

5   11, 1990 a dismissal came from the District Court of Appeal and

6   they remanded, dismissing the appeal on July 20, 1990.  No action

7   on the case has been taken since that time.

8        45.  <u>Aref v. Faunce</u>, Los Angeles Superior Court Case No.

9   C726606.  Aref filed this action on June 6, 1989 and with little

10  activity the case was dismissed on July 23, 1990.

11       46.  <u>Aref v. Marquez</u>, Los Angeles Superior Court Case No.

12  C726607.  Aref filed this action on June 6, 1989.  On August 28,

13  1989, Aref filed a motion for a change of venue.  That motion was

14  denied on September 28, 1989.  On December 4, 1989, Aref filed a

15  motion to disqualify the judge.  On February 8, 1990, the case was

16  dismissed and an order of dismissal was signed on February 27,

17  1990.  On February 2, 1990, Aref filed a motion to reconsider the

18  dismissal and that motion was taken off calendar on April 13, 1990.

19       47.  <u>Aref v. Ash</u>, Superior Court, Los Angeles County Case No.

20  C712779.  Aref filed this malpractice action against Edward Ash on

21  January 30, 1989 and Ash cross-complained on April 14, 1989.  A

22  stipulated judgment was reached on May 15, 1990, that resulted in a

23  judgement in favor of Ash in the amount of $90,000.00.  Aref

24  appealed the judgment on March 11, 1991.

25       48.  <u>Aref v. Ash</u>, Los Angeles Superior Court Case No. BC20504.

26  After losing to Ash in the previous case, Aref filed a second

27  lawsuit against Ash on February 1, 1991.  Various motions to compel

28  have been filed against Aref and he has filed an objection to the

-12-

1    judge in that case.  The action is still pending.

2         49.  The instant action involves the third time that Aref has

3    sued Edward Ash.

4         50.  <u>Aref v. Weller</u>, Los Angeles Superior Court Case No. NWC

5    32161.  The complaint was filed on October 13, 1987.  A request for

6    entry of dismissal was filed on November 23, 1988.

7         51.  <u>Aref v. Avis</u>, Los Angeles Superior Court No. C268069.

8    Aref filed his complaint on January 8, 1979.  The case was

9    dismissed on April 14, 1983.

10        52.  <u>Aref v. First American Title Insurance Company</u>, Los

11   Angeles Superior Court Case No.  C319461.  Aref filed his complaint

12   on April 11, 1980.  The case was dismissed on May 3, 1984.

13        53.  <u>Aref v. First Interstate Bank</u>, Los Angeles Superior Court

14   Case No. PC 4175.  Aref filed his lawsuit on June 21, 1991.  On

15   September 16, 1991, the Court struck his complaint for failure to

16   pay the appropriate filing fee.  No action has been taken since

17   that time.

18        54.  In addition to the lawsuits described above, Aref has

19   also filed the following lawsuits.  The exact nature or outcome of

20   these lawsuits is unclear at this time:

21        <u>Aref v. Cowperwaite</u>, Los Angeles Superior Court No. C319461;

22   <u>Aref v. Stephen</u>, Los Angeles Superior Court No. PC 1066;  <u>Aref v.</u>

23   <u>Los Angeles County Civil Service Commission</u>, Los Angeles Superior

24   Court No. C72195; <u>Aref v. California Personal Administration</u>, Los

25   Angeles County Superior Court No. C 685700; <u>Labovitz v. Los Angeles</u>

26   <u>County</u>, Federal Court Docket No. 90-6906; <u>Aref v. Arab Republic of</u>

27   <u>Egypt</u>, Federal Court Docket No. 87-01590; <u>Aref v. Dana</u>, Federal

28   Court Docket No. 88-05288

-13-

55.   After Aref initiates a meritless lawsuit, he routinely appeals every adverse Court order, whether the order is appealable or not.   Following is a summary of Aref's State Court and Federal Court appeals.

**State Court Appeals:**

56.   Aref filed eight appeals in the California Court of Appeals during the course of <u>Aref v. Holmgren</u>, L.A. Superior Court No. C640178.   Nos. 048883, 053460, 053461, 055732, 057575, 059163, 061155, 061571.   Two have been dismissed.   In Appeal No. 059163, Aref challenged the trial Judge's refusal to stay the proceedings based on Aref's purported removal petition, and further challenges, a discovery order compelling four individuals to appear for their depositions.   This appeal from a nonappealable discovery order was dismissed on defendants' motion on October 30, 1991.   In Appeal No. 048883, Aref again appealed several nonappealable orders (discussed below).   This appeal was dismissed by the court on April 30, 1990, because Aref failed to designate a record.   Each of Aref's State appeals are discussed below.

57.   Cal.Ct.App. No. 048883

On March 5, 1990, Aref appealed a March 2, 1990 order dismissing Doe defendants; a December 1, 1989 order granting defendants' motion that request for admissions be deemed admitted, a November 30, 1990 order [sic] compelling responses to form interrogatories; and a February 20, 1990 order denying reconsideration of the November 30 and December 1 discovery orders. For each of Aref's State Court Appeals, defendants have included a copy of the notice of appeal, the appealed rulings or other

pertinent filings, the Court of Appeal's docket sheet matching the notice of appeal with the appeal number, and where applicable, the Court of Appeal's orders.

This appeal was dismissed on April 30, 1990, under California Rules of Court 10(c) because Aref failed to designate a record.

58.   Cal.Ct.App. No. 055732

Here, Aref appealed an October 11, 1990 order setting aside a January 4, 1990 default against defendants Charles F. Crandall, Donald J. Martinson, Norman Neste, Dennis O'Leary and Raymond Stone.   Aref further appealed from a November 13, 1990 order dismissing these same defendants.

This appeal is pending.

59.   Cal.Ct.App. No. 057575

Aref appealed a January 11, 1991 order "dismissing Doe defendants and striking first amendment to Second Amended Complaint."

This appeal is pending.

60.   Cal.Ct.App. No. 059163

Aref appealed two discovery rulings by the trial court. First, Aref appealed the trial court's refusal to stay the state court proceedings based on Aref's purported "removal" of the action to this Court.   Second, Aref appealed the trial court's refusal to postpone court-ordered depositions or substitute Aref in lieu of the four individuals ordered to appear by the court.

This appeal was dismissed on defendants' motion on October 30, 1991.

61.   Cal.Ct.App. No. 061571

Aref appealed two orders dated April 11 and July 11, 1991.

-15-

1  Both of these orders had already been appealed.  (See App.No.

2  059163 [dismissed on defendants' motion]; App.No. 061155 [pending].

3      This appeal is pending.

4

5  **NINTH CIRCUIT APPEALS**

6      62.  Aref has litigated at least eleven appeals in the Ninth

7  Circuit.   88-5800, 90-56083, 91-55009, 91-56225, 91-56224,

8  89-56103, 91-55982, 90-55263, 90-55416, 92-55609, 92-___ .

9      63.  <u>Aref v. Dana</u>, CV-88-5288-WJR:   Two Appeals.

10     This Court is already familiar with <u>Aref v. Dana</u>,

11  CV-88-5288-WJR, an employment discrimination action against the

12  County of Los Angeles and others.

13     Aref took two appeals in <u>Dana</u>.  First, he appealed the denial

14  of his motion for summary judgment, <u>Aref v. Dana</u>, CT 80, 81; Appeal

15  No. 89-56103.  Denial of a motion for summary judgment is not a

16  final appealable order.  <u>Kraus v. County of Pierce</u>, 793 F.2d 1105,

17  1108 (9th Cir.), cert. denied, 480 U.S. 932 (1986).  This appeal

18  was dismissed pursuant to a settlement agreement, stipulation, and

19  order entered in this court.  CT 144, 145; DS 11-20-90 (#

20  89-56103).  After the Ninth Circuit dismissed this appeal based on

21  Aref's own settlement, Aref moved for reconsideration of the

22  appeal's dismissal.  DS 11-29-90 (# 89-56103).  The Ninth Circuit

23  denied to reconsider its order dismissing the appeal.  DS 12-18-90

24  (# 89-56103).

25     Second, Aref appealed this court's denial of his motion to set

26  aside the stipulated judgment and agreement.  CT 153, 154; Appeal

27  No. 91-55982.  That appeal was submitted on the briefs on July 7,

28  1992.  DS 7-7-92 (#91-55982).

64.  <u>Aref v. Tucker</u>, CV-89-6164-RB: Two Appeals

This, too, was an employment discrimination action; however, in this instance the governmental defendant was the County of Orange.  As in <u>Aref v. Dana</u>, this case generated two appeals by Aref.

First, he appealed the denial of his motion to disqualify Judge Bonner and Magistrate Eick.  <u>Aref v. Tucker</u>, CT 31, 41, Appeal No. 90-55263.  A denial of a motion to disqualify the trial judge is not a final order.  <u>United States v. Washington</u>, 573 F.2d 1121, 1122 (9th Cir. 1978).  Moreover, Aref failed to pay a docket fee and failed to submit an opening brief.  Accordingly, the Ninth Circuit issued, on April 14, 1992, an order to show cause why the appeal should not be dismissed.  Aref's response was due on April 28, 1992; as of July 9, 1992, no response was made to the Ninth Circuit's order.  DS 4-14-92 (# 90-55263)

Second, he appealed the dismissal, with leave to amend, of his first amended complaint.  CT 46, 51, Appeal No. 90-55416.  The Ninth Circuit dismissed this appeal, stating that "Appellant is advised that when the district court enters an appealable order, he may file a new notice of appeal".  DS 5-3-90 (# 90-55416)

65.  Aref v. Marder, CV-91-5865-WJR: Two Appeals

This is the instant case and, so far, Aref has taken two appeals.

First, Aref appealed this court's order that he provide all parties of record with a complete office or residential address where personal service can be effected.  <u>Aref v. Marder</u>, CT 28, 33, Appeal No. 92-55609.  Aref has yet to comply with this order.

Second, Aref appealed the dismissal, with prejudice, of his

-17-

1   RICO claims against defendants.  CT 36, 41, Appeal No. [unassigned

2   as of July 14, 1992].

3        66.  Aref v. Arab Republic of Egypt; Aref v. Holmgren,

4   CV-87-1590-ER:  Five Appeals

5        In Appeal No. 88-5800, Aref appealed the district court's

6   dismissal for ineffective service upon the Arab Republic of Egypt.

7   CT 29, 31.  The Ninth Circuit, in an unpublished opinion, held that

8   dismissal for ineffective service was "too harsh" and remanded the

9   action  to allow Aref a "reasonable time to effect proper service."

10  Aref v. Arab Republic of Egypt, No. 88-5800, Decided Dec. 15, 1989,

11  892 F.2d 1045 (Table).

12       In Appeal No. 90-56083, Aref appealed the district court's

13  order remanding an action that Aref, as plaintiff, had attempted to

14  remove to this court.  CT 61, 63.  This appeal is pending and is

15  presently calendared for September 17, 1992.  DS 7-8-92 (#

16  90-56083).

17       Appeal No. 91-55009 challenged the denial of Aref's motion to

18  disqualify Judge Rafeedie.  CT 74, 101.  Aref voluntarily dismissed

19  this appeal.  DS 2-15-91 (# 91-55009).

20       In Appeal Nos. 91-56224 and 91-56225, Aref appealed the

21  district court's referable of counts 1, 2, 3, and 4 of his

22  complaint to the International Court of Arbitration.  CT 182, 184,

23  185.  Both of these appeals are calendared for September 17, 1992,

24  in the Ninth Circuit.  DS 7-8-92 (# 91-56224, # 91-56225)

25

26                           **CONCLUSIONS OF LAW**

27       1.   This Court has the power to enjoin a litigant's access to

28  the courts.  (28 USC 1651, All Writs Act, Federal Rules of Civil

                                  -18-

1 | Procedure, Rule 11.)

2 |     2.    A court faced with a litigant engaged in a pattern of
3 | frivolous litigation has the authority to implement a remedy that
4 | may include restrictions on that litigant's access to the courts.
5 | <u>Lysiak v. C.I.R.</u>, 816 F.2d 311 (7 Cir. 1987).

6 |     3.    When a pattern of frivolous litigation has been
7 | established, the Court has the power to order the litigant to
8 | demonstrate the merits of a case before that litigant has a right
9 | to file a new action.  <u>Miller v. U.S</u>, 669 F.Supp. 906 (N.D.IND.
10 | 1987).

11 |     4.    This Court has the power to require a vexatious litigator
12 | to certify that newly filed claims were never raised in any prior
13 | proceeding.  <u>In re Greene</u>, 669 F.2d 779 (D.C. Cir. 1991).

14 |     5.    This Court has the power to require a vexatious litigator
15 | to file a list with the Court of all cases previously filed on the
16 | same, similar, or related causes of action. <u>Greene v. White</u>, 616
17 | F.2d 1054 (8th Cir. 1980).

18 |

19 | **ORDER OF THE COURT**

20 |     The Court orders that the following procedures shall, until
21 | such time as the Court may otherwise order, govern any filing in
22 | this or any other Federal Court made by Khairy E. Aref:

23 |     1.    Khairy E. Aref, or anyone acting on his behalf or any
24 | entity that he controls directly or indirectly, is hereby enjoined
25 | from filing any action in this Court without obtaining leave from
26 | the Court as set forth below.  Any new action which Aref seeks to
27 | file in this Court will not be accepted or filed until the Court
28 | grants Aref leave to file the action.

2. Upon Aref's attempt to file a new action, the Clerk of this Court shall immediately issue an order directing that Aref must file a petition for leave to file such action within fourteen days thereof.

3. In seeking leave to file a case with this Court, Aref shall submit to the Court the complaint he seeks leave to file together with a copy of this order and shall certify under penalty of perjury that his new action is made in good faith and that the claims that he wishes to bring are not frivolous, and that they have not been raised or disposed of on the merits by this Court in any previous actions.

4. Aref shall include in his petition a list of all pending State or Federal Court actions in which he or any entity that he controls directly or indirectly, is a party and all State or Federal Court appeals in which he is a party.

5. Aref shall include in his petition a declaration under penalty of perjury, that he has paid the party he seeks to sue any and all costs or sanctions awarded by any Court to that party arising out of any previous litigation with that party, including the payment of outstanding costs and sanctions.

6. Failure to file this petition in complete form within the fourteen day deadline will be sufficient grounds for denial of leave to file a complaint.

7. Upon timely receipt of a complete petition for leave to file an action, the Chief District Court Judge or his designee will review the petition to determine whether Aref's new action

-20-

1 presents a colorable claim. Aref may file, and the Clerk may

2 accept an action only if the Chief District Court Judge or his

3 designee, in writing, finds that the new action presents a

4 colorable claim.

5     8.    Within three days of submitting the petition to the

6 Court, Aref shall serve each defendant in the action with a copy

7 of the complete petition, including this Order, and file a proof

8 of service with the Court.

9     9.    If any party here after sued by Aref, discovers at any

10 time, that such action was filed in violation of this Order, such

11 party may immediately move for dismissal or any other appropriate

12 sanctions.

13     10.  Violation of any part of this Order is punishable by

14 contempt.

15     11.  This Order does not prohibit Aref from seeking an

16 appeal in this or any other case.

17

18     IT IS SO ORDERED.

19

20     DATED: 2-1-93

21

22                     WILLIAM J. REA
                    United States District Judge

23

24

25

26

27

28                         -21-